**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 27 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HERIBERTO PEREZ-SILVA, AKA Heriberto Perez, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 17-71282 <br><br> Agency No. A089-544-518 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 23, 2025**
Portland, Oregon

Before: W. FLETCHER, CHRISTEN, and HURWITZ, Circuit Judges.

Heriberto Perez-Silva, a native and citizen of Mexico, petitions for review of

a decision by the Board of Immigration Appeals ("BIA") dismissing an appeal from

an order of an Immigration Judge ("IJ") denying asylum, withholding of removal,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and relief under the Convention Against Torture ("CAT").[1] Where, as here, the BIA affirms the IJ "and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). We examine the agency's "legal conclusions de novo and its factual findings for substantial evidence." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (cleaned up). Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition for review.

1.  To obtain withholding of removal, an applicant must establish that it is more likely than not that his life or freedom would be threatened on account of a protected ground upon removal. *See* 8 C.F.R. § 208.16(b); *Aden v. Wilkinson*, 989 F.3d 1073, 1086 (9th Cir. 2021). "A finding of past persecution triggers a regulatory presumption that the applicant's life or freedom would be threatened if deported." *Id.* at 1086 (cleaned up). Perez's withholding claim rests solely on the argument that he suffered past persecution when cartel members who had attacked him and others stated that they would "come back" to get him once they learned that he had served in the Mexican military.

The agency's conclusion that the threat did not rise to the level of persecution

---

[1]  Perez does not challenge the BIA's finding that he waived any objection to the IJ's conclusion that his asylum application was untimely. Therefore, we do not address that form of relief below.

is supported by substantial evidence.[2] Death threats "constitute persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm." *Duran-Rodriguez*, 918 F.3d at 1028 (cleaned up). "Unfulfilled threats are very rarely sufficient . . . ." *Hussain v. Rosen*, 985 F.3d 634, 647 (9th Cir. 2021). Here, Perez was threatened once on account of his ex-military status and told that cartel members "were going to come back" for him after he refused to answer their request to join them. Perez did not encounter the cartel members again before coming to the U.S. "On these facts, although it may have been *possible* for the IJ to conclude that the threats were sufficiently serious and credible to rise to the level of persecution, we cannot say the evidence *compels* the conclusion . . . ." *Duran-Rodriguez*, 918 F.3d at 1028.

Because Perez did not establish past persecution, there is no presumption that his life or freedom would be threatened upon removal. Perez does not challenge the BIA's finding that he did not exhaust any other argument in support of his withholding application.

2.　　Substantial evidence also supports the denial of CAT relief. To qualify,

---

[2] We reject Perez's contention that the IJ and the BIA "endorsed different theories for why a threat to join a criminal organization cannot constitute past persecution." The BIA's statement that the "threat that [cartel members] would return because they wanted [Perez] to join them is not persecution on account of a protected ground," is reasonably viewed as affirming the IJ's determination that the specific threat to Perez did not constitute persecution.

3

Perez had to establish that it is more likely than not that he would be tortured by or with the acquiescence of Mexican officials if removed. *See Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). Perez does not assert past torture, which "is ordinarily the principal factor" in determining a likelihood of future torture. *Edu v. Holder*, 624 F.3d 1137, 1145 (9th Cir. 2010) (cleaned up). And although "country conditions evidence acknowledged crime and police corruption in Mexico generally," Perez does not cite specific evidence that would "show that [he] faces a particularized, ongoing risk of future torture." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706–07 (9th Cir. 2022).

**PETITION FOR REVIEW DENIED.** The stay of removal shall dissolve on the issuance of the mandate.